Shah Peerally (CA Bar No: 230818)
Erich Keefe (CA Bar No: 226746)
LAW OFFICES OF SHAH PEERALLY
4510 Peralta Blvd, Suite 23
Fremont, CA 94536
Telephone: (510) 742 5887
Fax: (510) 742 5877

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO, CALIFORNIA**

| | |
|---|---|
| Ahmed A. Suleiman<br><br>Plaintiff,<br><br>vs.<br><br>Michael Mukasey, Attorney General of the United States; Michael Chertoff, Secretary of the Department of Homeland Security; Emilio Gonzalez, Director of United States Citizenship & Immigration Services; Robert S. Mueller, III, Director of the Federal Bureau of Investigations; Christina Poulos, Director of the California Service Center; Robin Barrett, USCIS District Director, et al;<br><br>Defendants | Case No.<br><br>COMPLAINT FOR MANDAMUS TO COMPEL DEFENDANTS TO COMPLETE ADJUDICATION OF ADJUSTMENT OF STATUS APPLICATION<br><br>A 077849703<br>LIN 03-065-50935 |

**PLAINTIFF's ORIGINAL COMPLAINT**
**FOR WRIT IN THE NATURE OF**
**MANDAMUS**

COME NOW Ahmed A. Suleiman, Plaintiff in the above-styled and numbered cause, and for cause of action would show unto the Court the following:

1. This action is brought against the Defendants to compel action on an application for lawful permanent resident status properly filed by the Plaintiff. The application was filed and remains within the jurisdiction of the Defendants, who have improperly withheld action on

said application to Plaintiff' detriment.

**PARTIES**

2. Plaintiff is a native and citizen of Somalia. Plaintiff was granted Asylum on April 10, 2000. (See Ex. 1, Asylum Approval Notice.) Plaintiff submitted an adjustment of status application on form I-485 to the United States Citizenship and Immigration Services (USCIS) San Francisco office on December 23, 2002. (See Ex. 2, Notice of Action on I-485 Application to adjust to permanent resident status, dates December 23, 2002.) However, as of the filing of this complaint, Plaintiff has not received written notice of any decision on the adjustment of status petition.

3. Defendant Michael Mukasey is Attorney General of the United States, and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the Department of Justice. 8 U.S.C. §1103(a). More specifically, the Attorney General is responsible for the adjudication of applications for adjustment of status filed pursuant to §245 of the Immigration and Nationality Act (INA), 8 U.S.C. §1255. The United States Citizenship and Immigration Service is an agency within the Department of Justice to whom the Attorney General's authority has in part been delegated, and is subject to the Attorney General's supervision.

4. Defendant Michael Chertoff, is Secretary of the Department of Homeland Security, and this action is brought against him in his official capacity. He is charged with supervisory authority over all operations within the Department of Homeland Security. The United States Citizenship and Immigration Service is an agency within the Department of Homeland Security to whom the Secretary of Homeland Security's authority has in part been delegated, and is subject to his supervision.

5. Defendant, Emilio Gonzalez, is Director of USCIS, and this action is brought against him in

his official capacity. He is charged with supervisory authority over all operations of USCIS.

6. Defendant, Christina Poulos, is Director of the USCIS California Service Center, and this action is brought against her in her official capacity. She is charged with supervisory authority over all operations of the California Service Center.

7. Defendant, Robin Barrett, USCIS District Director is the official of the United States Citizenship and Immigration Service generally charged with supervisory authority over all operations of the USCIS within her District with certain specific exceptions not relevant here. This action is brought against her in her official capacity. 8 CFR §103.1(g) (2)(ii)(B). As will be shown, Defendant District Director is the official with whom Plaintiff' USCIS applications were properly filed.

8. Defendant, Robert S. Mueller, III, Director of the Federal Bureau of Investigations is charged with Supervisory Authority over all operations of the FBI. Defendant, Robert Mueller, III, is responsible for the completion of the security clearance in Plaintiff' case.

**JURISDICTION**

9. Jurisdiction in this case is proper under 28 U.S.C. §§1331 and 1361, 5 U.S.C. §701 *et seq.*, and 28 U.S.C. §2201 *et seq.* Relief is requested pursuant to said statutes.

**VENUE**

10. Venue is proper in this court, pursuant to 28 U.S.C. §1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where a Defendant resides and where a substantial part of the events or omissions giving rise to Plaintiff's claim occurred. More specifically, Plaintiff's application for lawful permanent resident status was properly filed and, to Plaintiff's knowledge, remains pending with the San Francisco USCIS District Director.

**EXHAUSTION OF REMEDIES**

11. Plaintiff has exhausted his administrative remedies. Plaintiff has made inquiries concerning the status of his application to no avail. (See Ex. 3, 4 September 12, 2004 letter from USCIS regarding the delay in adjudication, January 9, 2007 letter from USCIS regarding the delay in adjudication.) There are no administrative remedies remaining for the Plaintiff to exhaust, because there is no administrative body to which he can appeal the Defendants' refusal of to perform their ministerial duties.

**CAUSE OF ACTION**

12. After Mr. Suleiman was granted asylum on April 10, 2000, he filed his application to adjust his status to that of a lawful permanent resident pursuant to INA §245 on or about December 23, 2002.

13. Plaintiff has not received any written notice of decision regarding his application for permanent residence.

14. Mr. Suleiman's application for adjustment of status has now remained unadjudicated for almost five years years. See Singh v. Still, 470 F.Supp.2d 1064, (mandamus granted for seven-year delay in processing asylee adjustment of status application.)

15. Defendants have sufficient information to determine Plaintiff's eligibility pursuant to applicable requirements. To date, said applications have not been adjudicated.

16. Defendants' refusal to act in this case is, as a matter of law, arbitrary and not in accordance with the law. Defendants willfully, and unreasonably, have delayed in and have refused to adjudicate Plaintiff's application for almost five years, thereby depriving him of the right to a decision on his status and the peace of mind to which Plaintiff is entitled.

17. Mr. Suleiman has been further damaged by being deprived of the status of lawful permanent resident during the interminable pendency of his application. Mr. Suleiman seeks to integrate fully into American life, society and culture. Naturalization as an American citizen, with the rights and privileges inherent therein, depends upon prior permanent resident status for at

least 3 years. INA § 319(a), 8 U.S.C. § 1430(a). Mr. Suleiman is therefore being deprived of the right to accumulate the requisite time as a permanent resident before he is eligible to apply for naturalization, as a direct result of Defendants' failure to timely adjudicate his application to adjust status.

18. The Defendants, in violation of the Administrative Procedures Act, 5 U.S.C. §701 *et seq.*, are unlawfully withholding or unreasonably delaying action on Plaintiff's application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's case.

19. Plaintiff has made status inquiries in an attempt to secure adjudication of his application, to no avail. Accordingly, Plaintiff has been forced to retain the services of an attorney to pursue the instant action.

**PRAYER**

20. WHEREFORE, in view of the arguments and authority noted herein, Plaintiff respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

(a) requiring Defendants to adjudicate both Plaintiff's application for adjustment of status within 30 days;

(b) awarding Plaintiff reasonable attorney's fees; and

(c) granting such other relief at law and in equity as justice may require.

Dated: December , 2007

Respectfully submitted,

Shah Peerally, Esq.
Attorney for Plaintiff

_________________________________
Erich Keefe, Esq
Attorney for Plaintiff

**LIST OF EXHIBITS**

1. Asylum Approval Notice;

2. Notice of Action on I-485 Application to adjust to permanent resident status, dates December 23, 2002;

3. September 12, 2004 letter from USCIS regarding the delay in adjudication;

4. January 9, 2007 letter from USCIS regarding the delay in adjudication.